Russell S. Thompson, IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Lewis, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Maxwell & Morgan, P.C., | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

**PARTIES**

4. Plaintiff Tracy Lewis ("Plaintiff") is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Wittmann.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Maxwell & Morgan, P.C. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a homeowners association debt (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. Defendant representing the original creditor, Roseview Homeowners' Association ("Association"), filed a complaint on March 30, 2015 in the Justice Court,

Complaint - 2

Hassayampa Precinct of the Court of Maricopa, State of Arizona, for breach of declaration of covenants, conditions, and restrictions and recovery of the Debt.

12. A true and accurate copy of the complaint is attached as Exhibit A.

13. The complaint states that Plaintiff is indebted to Association in the amount of $2,024.77. *See e.g.*, Exhibit A at 3.

14. To support the amount of the Debt claimed in complaint, Defendant attached Plaintiff's Resident Transaction Report that included the cost of attorney fees, the total amounting to $2,024.77.

15. A true and accurate copy of the Resident Transaction Report is attached as Exhibit B.

16. Prior to filing the complaint and in connection with the collection of the Debt, Defendant sent Plaintiff a written communication dated June 5, 2014 (the "Letter").

17. A true and accurate copy of the Letter is attached as Exhibit C.

18. The Letter identified the balance of the Debt as $2,029.77. *See* Exhibit C.

19. Therefore, the Letter falsely represented the amount of the Debt.

20. In the alternative, the March 30, 2015 complaint falsely represented the amount of the Debt.

21. The Letter states that the Debt "includes charges through the date of the September 21, 2012 Trustee's Sale, plus additional collection costs." *Id*.

22. The Letter states:

> Litigation is expensive to all concerned. Consequently, this letter is intended to remind you of your obligations. Before taking any additional steps which would necessarily increase your indebtedness by adding future

Complaint - 3

attorney fees, interests and court costs, the Association is giving you the opportunity to bring your account current without any additional expense to you other than this demand. Please be advised that unless your delinquent maintenance account is brought current, we may initiate appropriate legal action to collect this obligation.

23. By stating that taking additional steps would *necessarily increase* Plaintiff's indebtedness, the Letter implies that additional fees and costs will increase Plaintiff's Debt should Plaintiff dispute the Debt.

24. Upon information and belief, Plaintiff's Debt would not increase as a result of disputing the Debt.

25. Thus, the Letter used false and misleading representation in the attempt to collect the Debt in violation of 15 U.S.C. § 1692e.

26. In the alternative, had Defendant responded to Plaintiff's dispute, Defendant would have charged attorney's fees to Plaintiff's account for handling the dispute.

27. Thus, Defendant violated 15 U.S.C. § 1692f for using an unfair and unconscionable means to attempt to collect the Debt by threatening to increase the Debt if Plaintiff took advantage of her federally guaranteed rights.

28. By stating that "[l]itigation is expensive" and that Defendant "may initiate appropriate legal action to collect," the Letter is threatening litigation against Plaintiff.

29. In addition, the Letter was accompanied by a notice regarding the Fair Debt Collection Practices Act (the "Notice") that discusses the dispute procedure pursuant to 15 U.S.C. § 1692g(b).

30. A true and accurate copy of the Notice is attached as Exhibit D.

Complaint - 4

31. The Notice states that Defendant "may proceed with suit against you without waiting the thirty days, if so requested by [its] client." *See* Exhibit D.

32. However, the Letter does not explain how the threat of litigation is consistent with the consumer's rights to make written disputes or requests under 15 U.S.C. § 1692g(a).

33. Thus, the Letter violates 15 U.S.C. § 1692g(b), because it contains statements that overshadow or are inconsistent with the disclosure of the consumer's rights under 15 U.S.C. § 1692g(a).

34. Furthermore, the Notice states that it is only applicable to the reader "[i]f the indebtedness in [its] correspondence to you constitutes a 'consumer debt' in accordance with the Fair Debt Collection Practices Act . . . ." *Id.*

35. Because the least sophisticated consumer would not know whether his or his debt constituted a "consumer debt" under the FDCPA, Defendant failed to meaningfully convey the notices required by 15 U.S.C. § 1692g(a).

36. In addition, or in the alternative, the inclusion of this qualification overshadows and/or is inconsistent with the disclosure of the consumer's rights under 15 U.S.C. § 1692g(a).

37. On June 20, 2014, Plaintiff sent Defendant a letter of dispute requesting debt validation documents pursuant to Plaintiff's right to dispute the Debt as provided for in 15 U.S.C. § 1692g(b).

38. A true and accurate copy of the letter of dispute is attached as Exhibit E.

39. Defendant never responded to Plaintiff's dispute.

Complaint - 5

40. Notwithstanding Defendant's failure to respond to the dispute, Defendant brought the March 30, 2015 complaint against Plaintiff.

41. Thus, Defendant continued its collection activities in violation of 15 U.S.C. § 1692g(b).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

42. Plaintiff repeats and re-alleges each and every factual allegation above.

43. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

44. Plaintiff repeats and re-alleges each and every factual allegation above.

45. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692g(a)**

46. Plaintiff repeats and re-alleges each and every factual allegation above.

47. Defendant violated 15 U.S.C. § 1692g(a) by failing to meaningfully convey to Plaintiff the notices provided by 15 U.S.C. § 1692g(a)(3)-(5).

48. Defendant violated 15 U.S.C. § 1692g(a) by failing to meaningfully convey to Plaintiff the amount of debt as required by 15 U.S.C. § 1692g(a)(1).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(b)

49. Plaintiff repeats and re-alleges each and every factual allegation above.

50. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing or making statements inconsistent with the disclosures required pursuant to 15 U.S.C. § 1692g(a), during the thirty-day dispute period.

51. Defendant violated 15 U.S.C. § 1692g(b) by continuing collection activity after having received a written dispute of the Debt from Plaintiff without first obtaining and providing Plaintiff with verification of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692f

52. Plaintiff repeats and re-alleges each and every factual allegation above.

53. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

      f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 3, 2015

                Respectfully submitted,

                <u>s/ Russell S. Thompson, IV</u>
                Russell S. Thompson, IV (029098)
                Thompson Consumer Law Group, PLLC
                5235 E. Southern Ave., D106-618
                Mesa, AZ 85206
                602-388-8898
                866-317-2674 facsimile
                rthompson@consumerlawinfo.com

                <u>s/ Joseph Panvini</u>
                Joseph Panvini (028359)
                Thompson Consumer Law Group, PLLC
                5235 E. Southern Ave., D106-618
                Mesa, AZ 85206
                602-388-8875
                866-317-2674 facsimile
                jpanvini@consumerlawinfo.com

                Attorneys for Plaintiff